IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CV623-GCM

| | |
|---|---|
| MICHELLE FAIRCHILD, individually, and as Executrix of the estate of JEFFREY FAIRCHILD, ) ) ) | |
| Plaintiffs, ) ) | |
| Vs. ) ) | ORDER |
| DANIEL JAMES FAIRCHILD and PRIMERICA LIFE INSURANCE COMPANY, ) ) ) | |
| Defendants. ) ) | |

This matter is before the Court upon Defendant Primerica Life Insurance Company's ("Primerica") Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This matter is fully briefed and ripe for disposition.

**I.    FACTUAL BACKGROUND**

This case arises from a dispute between a deceased insured's wife and brother over life insurance proceeds. The proceeds at issue have been deposited by Primerica with the Court.

The Amended Complaint alleges that Daniel Fairchild (Daniel), the decedent Jeffrey Fairchild's (Jeffrey) brother, is an employee of Primerica and acts as a sales agent.[1] Jeffery purchased life insurance policy number 0489699134 (the "Policy") from Primerica through his brother Daniel. At the time Jeffrey purchased the life insurance policy, he designated his wife, Michelle Fairchild, as the beneficiary of his coverage under the Policy. Jeffrey suffered from a debilitating mental illness which deteriorated to the point that he was hospitalized. He and Plaintiff Michelle Fairchild separated on July 1, 2018.

---

[1] Primerica disputes that Daniel is an employee of Primerica, and contends that he is instead an independent contractor. For purposes of this motion, the Court will assume that Daniel is an employee.

1

A Multipurpose Change Form was submitted to Primerica on or about July 27, 2018, which was signed by Jeffrey and changed the beneficiary of his coverage under the Policy from Michelle Fairchild to Daniel, his brother. On August 2, 2018, Primerica mailed a letter to Jeffrey confirming that his beneficiary change had been processed and was effective as of July 27, 2019. Plaintiffs allege that Daniel either completed and submitted the Multipurpose Change Form without Jeffrey's knowledge, designating himself the beneficiary of Jeffrey's coverage, or he unduly influenced Jeffrey to make the change.

Jeffrey died on August 6, 2018. On August 8, 2018, Daniel signed, and subsequently submitted, a Claimant's Statement, by which he sought to be paid the proceeds of the Policy. In or around August 9, 2018, Plaintiff Michelle Fairchild contacted Primerica and made a verbal claim for the proceeds on behalf of the Estate of Jeffrey Fairchild ("Estate") and herself, representing that she was the beneficiary of the Policy. Plaintiffs subsequently initiated this action. Because there are two competing claims for the same death benefit, Primerica asserted an interpleader counterclaim and crossclaim and deposited the death benefit with the Court.

## II. DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

2

*Twombly*, 550 U.S. at 555. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions" are insufficient. *Robinson v. Jewish Ctr. Towers, Inc.*, 993 F. Supp. 1475, 1476 (M.D. Fla. 1998). The plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.

Plaintiffs' claims against Primerica for fraud (Count 1), constructive fraud (Count 2), breach of fiduciary duties (Count 3), conversion (Count 4), tortious interference with a contract (Count 7, brought only against Daniel Fairchild but as to which respondeat superior liability is alleged), unjust enrichment (Count 8, brought only against Daniel Fairchild but as to which respondeat superior liability is alleged), undue influence (Count 10) and lack of capacity (Count 11), are all predicated solely on a theory of respondeat superior liability.[2] Each of these Counts of the Amended Complaint alleges in conclusory fashion as follows: "[A]ctions by Defendant [Daniel] are imputable to defendant Primerica here by way of respondeat superior by virtue of the fact that defendant Primerica authorized defendant [Daniel's] actions and his actions were within the scope of his employment and in furtherance thereof." (Doc. No. 29, Amd. Compl. ¶¶ 44, 55, 62, 69, 73, 78, 89, 97, 109, 116, and 122).

Under North Carolina law, an employer is liable for the acts and misconduct of an employee under a theory of respondeat superior only when (1) the employer ratifies the conduct, (2) when the employee's act is "expressly authorized" or (3) when the employee commits the act "within the scope of [the employee's] employment and in furtherance of his master's business – when the act comes within his implied authority." *Medlin v. Bass*, 398 S.E. 2d 460, 463 (N.C. 1990). There are no allegations in the Amended Complaint that Primerica knew or had any

---

[2] Plaintiffs have voluntarily dismissed their claim against Primerica for Punitive Damages based upon respondeat superior. (Doc. No. 35).

3

reason to know of the purported undue influence allegedly asserted by Daniel or any other nefarious behavior related to Jeffrey's change of beneficiary. Instead, Plaintiffs contend that Daniel used his role as the Jeffrey's brother and confidant to unduly influence Jeffrey. There are no allegations that Primerica was aware that Jeffery suffered from mental illness or otherwise lacked the capacity to execute the change in beneficiary form. Other than conclusory allegations that Primerica should have stopped the alleged "self-dealing," of which it is not alleged to have been aware, Plaintiffs fail to plead any *facts* that allow the Court to draw a reasonable inference that Primerica had knowledge of Defendant Daniel's alleged misconduct or that it was expressly authorized or ratified by Primerica.

Plaintiffs also fail to allege that Daniel was acting within the scope of his alleged employment and "in furtherance of [Primerica's] business." *Id*. There are no allegations that Daniel was acting within the scope of his purported employment when he allegedly "altered the Primerica Life Insurance Policy" or "unduly influenced Decedent" to have Jeffrey change the beneficiary of his policy. (Amd. Compl. ¶ 22). Throughout the Amended Complaint, Plaintiffs describe Daniel's actions as self-dealing manipulation of his incompetent brother. Those are not actions that are taken within the scope of any employment to sell insurance policies. It is undisputed that Daniel was appointed to sell life insurance policies for Primerica. However, other than making conclusory allegations that Daniel was acting within the scope of his employment at all times relevant to the Amended Complaint, the Complaint is devoid of any facts even suggesting that the alleged misconduct and behavior described by Plaintiffs is within the scope of Daniel's employment relationship with Primerica.

In addition to the foregoing, the Amended Complaint fails to allege facts that suggest that Daniel's alleged misconduct was in furtherance of Primerica's business. Primerica does not have

4

any interest in whether policy owners change the beneficiaries of their policies, as its obligation to pay claims is unchanged. Whether Primerica owes a payable claim under one of its policies to, for example, Michelle Fairchild or Daniel Fairchild does not further impact its business.

In support of their claims against Primerica, Plaintiffs cling exclusively to Paragraph 137 of their Amended Complaint, which alleges as follows: "During prior litigation with Defendant Brother, he represented the Defendant Primerica condoned his actions and helped him carry out the changes to decedent's life insurance policy." This single vague and ambiguous allegation is insufficient to support a plausible claim against Primerica on a theory of respondeat superior. Processing a beneficiary change form does not make Primerica complicit in any nefarious activity. Moreover, a vague reference to "condon[ing] [Daniel's] actions," without any elaboration or explanation, fails to state a plausible claim for liability under a theory of respondeat superior. Accordingly, to the extent that any claims against Primerica are based solely upon a theory of respondeat superior, they must fail.

The Court will next address Plaintiffs' claims against Primerica for Unfair and Deceptive Trade Practices (Count 5), Breach of Contract (Count 6) and Negligence (Count 12). The elements of a claim for unfair and deceptive trade practices are "(1) defendants committed an unfair or deceptive act or practice, (2) in or affecting commerce and (3) plaintiff was injured as a result." *Phelps-Dickson Builders, LLC v. Amerimann Partners*, 617 S.E. 2d 664, 671 (N.C. Ct. App. 2005). North Carolina courts define a practice as unfair if it "is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id*. (quoting *Edwards v. West*, 495 S.E.2d 920, 923 (N.C. Ct. App. 1998)). A practice is deceptive if it "has the capacity or tendency to deceive." *Id*. (quoting *Edwards*, 495 S.E.2d at 923). Plaintiffs have failed to allege that Primerica has taken an action that is immoral, unethical, oppressive, or substantially

5

injurious to consumers. At most, Plaintiffs appear to contend that Primerica may be liable to Plaintiffs because it processed the change of beneficiary form. However, that is not enough to state a claim for unfair or deceptive trade practices and this claim must likewise be dismissed as to Primerica.

To prevail on a claim for breach of contract, a party must establish "(1) existence of a valid contract and (2) breach of the terms of the contract." *Poor v. Hill*, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000). While Count 6 of the Amended Complaint purports to assert a claim for breach of contract, Plaintiffs fail to allege facts that plausibly assert a breach of any specific provision of the insurance policy. Instead, Plaintiffs allege that Primerica violated policies and procedures related to its employees. Failure to follow employee policies and procedures is not a breach of the insurance policy.

Plaintiffs' negligence claim (Count 12) alleges that Primerica breached a duty of care to Plaintiffs by "allowing its employee/agent (Defendant Brother) to engage in self-dealing." (Compl. ¶ 136). Based upon this allegation, Plaintiffs appear to be attempting to assert a claim for negligent supervision. "To state a claim for negligent supervision or retention, a plaintiff must allege that the defendant's employees committed tortious acts of which the defendant had actual or constructive knowledge." *Efird v. Riley*, 342 F. Supp. 2d 413, 429 (M.D.N.C. 2004). North Carolina courts have dismissed claims for negligent supervision when the complaint fails to allege any disciplinary history or specific facts to indicate that the employer was on notice of the defendant employee's alleged tortious misconduct or incompetence. *See*, *e.g.*, *Aldridge v. Metro. Life. Ins. Co.*, No. 18-CVS-1050, 2019 WL 7374878, at *43 (N.C. Super. Ct. Dec. 31, 2019) (holding that "Plaintiffs cannot maintain their negligent supervision claims against [the Defendant employer]" because "Plaintiffs do not allege that the Individual Defendants had any

6

disciplinary history or other facts to indicate that [the employers] were on notice of the . . . alleged incompetence"). Other than the vague and mysterious paragraph 137 discussed above, Plaintiffs fail to allege any facts to suggest that Primerica had actual or constructive knowledge of Daniel's purported misconduct or any facts to suggest that Primerica should have been on notice of this misconduct. Moreover, there are no facts alleged that would suggest that Primerica had actual or constructive knowledge of Jeffrey's mental illness or that Primerica was aware that Daniel had any role in Jeffery's completion of the change of beneficiary form. Nor do Plaintiffs allege any facts related to Daniel's previous job performance or complaints which may have put Primerica on constructive notice regarding Daniel's alleged misconduct. Plaintiffs' negligence claim therefore fails.

     IT IS THEREFORE ORDERED that Defendant Primerica's Motion to Dismiss the claims against it are hereby GRANTED.

Signed: August 19, 2020

Graham C. Mullen
United States District Judge